GOODWIN *v.* PLANT.

Opinion delivered June 5, 1922.

1. APPEAL AND ERROR—CONCLUSIVENESS OF VERDICT.—In trespass for cutting and removing timber, verdict and judgment for defendant will not be disturbed where the evidence was conflicting.

2. TRESPASS—QUESTION FOR JURY.—In trespass for cutting and removing timber, whether any of the timber taken from plaintiff's land was cut by defendant, *held,* under conflicting evidence, to raise an issue for the jury.

3. TRESPASS—RECOVERY OF ONE-HALF OF VALUE OF LINE TREES.—Plaintiff was not entitled to recover one-half of the value of line trees

cut by an adjacent landowner, where the number and value thereof was not proved, and where the action was for trespass instead of for an accounting between cotenants.

Appeal from White Circuit Court; *J. M. Jackson,* Judge; affirmed.

*Brundidge & Neelly,* for appellant.

There is no substantial evidence to sustain the judgment, and the same should be reversed under the rule laid down in 112 Ark. 450.

Appellee was liable to appellant in any event for one-half the value of the line trees which he admits he cut. 100 Ark. 329; 93 Pac. 383.

*John E. Miller* and *C. E. Yingling,* for appellee.

This court is not a trier of facts in law cases, and, there being legally susfficient evidence to sustain the judgment, the same will not be set aside. 130 Ark. 465; 142 Ark. 159; 142 Ark. 358; 142 Ark. 378; 145 Ark. 269; 148 Ark. 209; 123 Ark. 428.

HUMPHREYS, J. Appellant instituted suit in trespass against appellee, in the White County Circuit Court, to recover three times the value of timber alleged to have been unlawfully cut and appropriated by appellee on certain lands in township 7, range 4 west, in said county, belonging to appellant.

Appellee filed an answer denying the material allegations of the complaint.

The cause was submitted upon the pleadings, the testimony of the several witnesses introduced in behalf of the respective parties, and instructions of the court, which resulted in a verdict and judgment against appellant, from which is this appeal.

The only contention made by appellant for reversal is that the evidence was insufficient to support the verdict and judgment. The rule on appeal, as frequently announced by this court, is that verdicts returned and judgments rendered in courts of law will not be reversed if there is any substantial evidence to support them. *Leach* v. *Smith,* 130 Ark. 465; *Hines* v. *Rice,* 142 Ark. 159. We

have carefully read the evidence with a view to ascertaining whether there is substantial evidence tending to show that appellee did not cut and appropriate timber growing upon appellant's land. Appellant introduced evidence tending to show that appellee, who owned adjoining lands to his in sections 19 and 23, while cutting his own timber, crossed the division lines, and cut timber on appellant's lands.

Two of appellant's witnesses, I. N. Lake and L. A. Smith, admitted his partner had cut some of appellant's timber, and agreed to adjust and settle the matter. In contradiction of this evidence appellee introduced three witnesses besides himself.

One of the witnesses, R. H. Pietz, supervised the cutting of appellee's timber in section 23. He testified that he went around the lines, already plain, and as a matter of precaution blazed them anew, to prevent his crew from getting over on adjoining lands; that he was on the job every day until completed, and knew that no one working for appellee cut timber on appellant's land. Another witness, Carl Steel, who assisted in cutting and hauling appellee's timber in section 23, testified that the lines around appellee's land were plainly blazed and that the crew did not cross the lines and cut any timber on appellant's land.

The third witness, Ross Reynolds, who owned the timber jointly with appellee in section 19, testified that he supervised the cutting of the timber in that section during the time they owned it jointly; that, before they began cutting, the division lines were established, and that they did not cross the lines and cut any timber on appellant's adjoining land; that later he and appellee sold their timber to Herbert Plant and Bill Knight, and after the sale had nothing to do with cutting and removing the timber.

Appellee testified that no timber was cut by his crews upon appellant's land; that the corners and division lines were plainly marked so that his men would not trespass upon adjoining lands; that he never admitted to I. N.

Lake in the presence of L. A. Smith that his partner had cut any of appellant's timber; that I. N. Lake claimed he had cut timber on appellant's land and demanded pay for it; that he offered to go with Lake and investigate the matter, agreeing, if the investigation showed that his men had gotten over the lines and cut any of appellant's timber, to pay for same; that Lake would never go with him; that thereafter he made an investigation himself and found a few line trees cut but none cut beyond the division lines between him and appellant, except some which had been cut long before his men began cutting and removing timber in said sections.

We think the testimony was in conflict upon the issue involved, and therefore presented a question for determination by the jury. Appellant's final argument, that he should have recovered in any event for one-half the value of the line trees cut and removed, is not sound. In the first place, the number and value of them was not proved. In the next place, this is a suit in trespass and not for an accounting between cotenants.

No error appearing, the judgment is affirmed.